HARDING *v.* ELLIOTT.

*Negligence—Automobiles—Action against father for son's acts —Question for jury—Negligence in permitting use of car.*

In an action against a father for damages resulting from a collision between plaintiff's automobile and one belonging to defendant, which he had entrusted to his fourteen year old son for the latter's own pleasure and convenience, defendant admitting that he did not know his son could operate the car, it is a question for the jury under all the circumstances to determine whether or not the father was guilty of negligence in entrusting the automobile and its management and control to such son.

(Decided May 15, 1922.)

ERROR: Court of Appeals for Butler county.

*Mr. Justin Harding* and *Messrs. Shotts & Millikin,* for plaintiff in error.

_Mr. W. C. Shepherd_ and _Mr. B. F. Harwitz,_ for defendant in error.

BY THE COURT. The controversy in this case grows out of a collision between two automobiles that occurred on the Yankee Road in Butler county.

The trial court directed a verdict for the defendant, Charles T. Elliott, and this action is prosecuted to reverse that judgment.

Elliott resided on the Dixie Highway, about three and one-half miles south of Middletown. He maintained three automobiles for his and his family's use. One of them was a Ford runabout.

On July 17, 1919, Elliott gave his son, Charles, a boy fourteen years of age, permission to use the Ford runabout on the next day for the purpose of meeting a train at Middletown and bringing a boy friend, Arnold Tietig, to the family residence, where he was to be a guest.

Charles made the trip to Middletown. On his way home with young Tietig he stopped at the Phillips' residence in Middletown, and Miss Phillips and Miss Carey rode in the Ford with the two boys to the Elliott residence. After leaving Tietig's suitcase at the Elliott residence, the four young people started back to the Phillips' residence. Miss Phillips drove the Ford runabout, Miss Carey occupied the seat beside her, Charles Elliott stood on the left and young Tietig on the right running board.

Before reaching Middletown the Ford, driven by Miss Phillips, collided with a Buick car, going in the same direction, in which the plaintiff in error was riding.

It will not be necessary to state the case or the testimony other than to say that the charge of neg-

ligence, stated in the petition against C. T. Elliott, is that he authorized and permitted his son, Charles, a boy fourteen years old, to have charge of and drive this automobile; that on account of his youth, lack of skill, and want of experience, he was incompetent to operate and an unfit person to be given charge and control of an automobile.

The father testified that he did not know that his son had ever driven an automobile; that on the morning of the 17th, when the boy asked permission to drive the Ford on the 18th, and stated that he could drive it, "I questioned him very especially as to whether he could drive the car, and when he said he could, I permitted him to take it."

For the purpose of the motion for an instructed verdict all the testimony must be taken as true. While two charges of negligence are made in the petition, lack of skill and incompetency of the boy to drive the car, and that he was an unfit person to have the control of the car, both questions relate to the age, judgment and experience of the boy.

Without going into the question of the speed at which the Ford was being operated, the equal rights doctrine as to the use of streets and highways, so well established in Ohio, makes it the duty of the jury under all the circumstances to determine whether or not the father was guilty of negligence in entrusting an automobile and its control and management to a boy fourteen years old. And the father admits he did not know the boy could even guide an automobile.

The question of the operation of an automobile is broader than the mere ability to direct its course and regulate its speed. In a sense it includes judgment and experience as to the manner in which it

shall be handled, who shall be entrusted with the wheel, and what should be done under circumstances that are likely to arise at any time.

The judgment of the court below will be reversed, and a new trial granted.

*Judgment reversed and cause remanded.*

HAMILTON, P. J., CUSHING and BUCHWALTER, JJ., concur.